JOHN FRINK *et al.*, appellants, *v.* ALMIRAN S. COLE, appellee.

*Appeal from Peoria.*

A Court of Equity, in order to ascertain and carry out the intention of parties to a particular transaction, will look at their situation and the whole transaction between them.

A decree against several owners of a steamboat jointly, whose interests were different in extent, was *held* to be erroneous as they were severally liable, if at all, according to the extent of their separate interests.

BILL IN CHANCERY, in the Peoria Circuit Court, filed by the appellee against the appellants, the material portions of which are stated in the Opinion of this Court. After various proceedings in the Circuit Court, a joint decree was rendered at the October term, 1845, in favor of the complainant below, and against all of the defendants in the suit, for the sum of $2356·38.

The cause was argued in this Court by *S. T. Logan* and *E. N. Powell*, for the appellants, and by *T. Ford* and *H. O. Merriman*, for the appellee.

The Opinion of the Court was delivered by

TRUMBULL, J. Cole, a former owner of one fourth of the steam boat Frontier, after having parted with his interest therein, filed his bill against the appellants and others, the owners of said boat, for the purpose of recovering for his services as captain, and also for advances by him made over and above his proportion while interested in said boat.

The bill states that at the time complainant became interested in the boat, she was lying at St. Louis, undergoing repairs, and the bill of sale to Cole, which purports to be in consideration of $1125, contains this stipulation: "That if, in the payment of the charges and expenses in putting said boat in repair, said Cole pays more than his share and proportion of said expenses, he shall be allowed the sum of twelve per cent. interest per annum thereon." On the same

day that Cole purchased an interest in the boat, (Dec. 24th, 1839,) the other owners executed to him an instrument of writing which is also signed by Cole, whereby he is appointed captain of the boat, required to repair to St. Louis, superintend the repairs and take the management thereof, keep an account of receipts and expenditures, &c., for which services as captain, he was to receive the sum of one hundred dollars per month, to be paid in equal proportion by the owners of the boat.

The bill further alleges that Cole, in pursuance of the conditions in said bill of sale and appointment as captain, took charge of said boat, and performed the duties of captain for the space of four months and ten days, and thereby became entitled to the sum of $433·33 for his services, three fourths of which was chargeable to the defendants to said bill; that he paid out of his own private funds for repairs, the sum of $1673 before the creditors of the boat would suffer her to leave St. Louis, and afterwards, and while he acted as captain, out of the earnings of said boat he paid for repairs about $4500; that the earnings of said boat amounted to about $5000, and the expenses to about $2000 during the same time, part of which were unpaid, and that all the earnings of the boat were paid out for the repairs and expenses thereof; that some time in June, 1840, the complainant sold to Martin O. Walker, one of the defendants, his interest in said boat, and executed to him a deed or bill of sale of the same for about $500; that at the time of complainant's purchase of an interest in said boat, he executed to the other owners thereof his note for $1125, with $125 indorsed thereon, and that at the time of the sale to Walker, said note was delivered up to complainant to be canceled, so that he never received but $500 for his advance of $1673 for repairs upon said boat, and also for his services as captain.

The bill waives the necessity of answers under oath, calls upon defendants to produce the account books of the boat to be used as evidence in the cause, and prays that defendants be compelled to pay complainant such sum as may be found to be due, and for general relief. The bill contains

Frink *et al. v.* Cole.

many other allegations, but as no questions arise upon the other branches of the case, it is unnecessary to notice them.

The defendants, Frink & Walker, in their answers, admit the sale to Cole, and his appointment as captain, but deny that he paid out of his private funds for repairs $1673, or that he has not been paid all sums due him for acting as captain, and allege that whatever he paid out of his private funds has been re-paid by the boat and her owners; admit the sale by complainant to Walker, but allege the consideration thereof to have been not only $500, but also the complainant's note for $1125, with a credit of $125 indorsed thereon; make the bill of sale from Cole to Walker an exhibit? and assert that by said bill of sale, it was understood and agreed by the complainant that all his claims on said boat or her owners were transferred to said Walker.

Upon a hearing of the case upon bill, answers and depositions, the Court decreed that the defendants, Frink, Walker, Fowler and Bingham, were the owners of one half of the boat, Garret of one fourth, and the complainant of the other fourth, from the time complainant purchased till his sale to Walker, and directed it to be referred to a Special Commissmissioner or Master to take and state an account between the parties.

The only evidence before the Master in reference to the state of the accounts between the parties, was the account books of the boat, which showed upon their face that the account of A. S. Cole was balanced, but the last item upon the debtor side of the account, as well as several other items both upon the debtor and credit side, were proved to be in the handwriting of Walker. The last item upon the debtor side was as follows: "June 2, 1840. Bal. advances by A. S. Cole, assigned to M. O. Walker, $1775·35." The Master in stating the account between the parties, rejected this last item, though he admitted all the other items in Walker's handwriting immediately preceding, amounting upon the debtor side to $397·43, and upon the credit side to $502·19. The Master, in his report, stated that he had not taken into consideration the last item, said to be in Walker's handwri-

ting, "not supposing the fact of the assignment of said balance of account due Cole to said Walker to have been referred to him to ascertain." The defendants appeared before the Master and excepted to his report, because he omitted the item of $1775·35, in stating the account between the parties, but the exception was disallowed by the Master, and his report subsequently approved by the Court, and a decree entered requiring defendants *jointly* to pay complainant the sum of $2356·38, being three fourths the amount advanced by Cole, and interest at twelve per cent., and also, three fourths the amount due from the boat for his services as captain.

The decree is manifestly erroneous in being entered against the defendants jointly. The defendants being joint owners, were severally liable, if at all, to the extent of their interests, and no further; and a joint decree against all, when their interests were different, was clearly wrong; but the decree could, and would be modified in this respect, if it were otherwise correct.

The main questions arising in the case are, whether the deed of sale from Cole to Walker carried with it all the claims of Cole against the boat and its owners, and whether the Court did right in rejecting the entry upon the books of the boat which showed an assignment on the same day the deed of sale bears date, of Cole's advances on account of said boat to Walker.

In determining the first of these questions, it becomes important to look at the situation of the parties, and the whole transaction between them, in order to ascertain their intention, which it is always the duty of a Court of Equity, if possible, to ascertain and carry out.

The deed of sale from Cole to Walker is to be read, by the light of surrounding circumstances, in order more perfectly to understand the intent and meaning of the parties. 1 Greenl. Ev. § 277; 1 Barb. Sup. Court R. 635. What are those circumstances? According to the allegations of the bill, the repairs and expenses of the boat, during the short time Cole was interested in her, exceeded the receipts by

Frink *et al. v.* Cole.

about $3173.   Is it reasonable to suppose that Walker, one of the joint owners, and with a full knowledge of the business and condition of the boat, would have agreed to pay Cole a profit of $500 for his one-fourth interest in her, when, during the short space of four months and ten days, the loss upon that interest had been near $800.   There is no evidence to show that Cole sold his interest for $500; on the contrary he acknowledges the receipt of $1500 in his deed of sale to Walker, and he gives no satisfactory reason for the surrender of the thousand dollar note in his bill of complaint.   So far as can be gathered from the bill, complainant got up his note without any consideration whatever.   It simply alleges that at the time of the sale to Walker, the note was surrendered up to be canceled, but why, or in consideration of what, is not shown.   We take it, therefore, for granted, and such is the proof made by the bill of sale itself, that Walker gave Cole $1500 for something, and if it was only for Cole's interest in the boat, it was $500 more than it cost him, and if Cole still retained all his claims against the boat, Walker was assuming not only to pay $1500 for Cole's interest, but he was becoming liable also for Cole's proportion of the debts owing by the boat at that time, exclusive of what was coming to Cole himself; for it will be observed, that the bill shows the boat to have been in debt independent of what was coming to Cole, some $1500; one-fourth of which was of course properly chargeable to Cole's interest, yet he makes no offer to pay his proportion of this loss.   While he seeks to collect from the other owners their full proportion of the amount of the claims due to himself, he makes no offer to share with them in paying the other debts which the boat at the time owed, and the inference is irresistible, as he makes no complaint of those debts, that he has never been troubled about them, and that they have been discharged by the other owners of the boat, neither Walker or Cole supposing that the latter was liable to any debts after the sale to Walker.   If the decree be permitted to stand, Cole has not only sold his interest in an old steam boat at an advance of $500, but he has also saved

$375, his proportion of the debts due from the boat to persons other than himself.

Would a business man like Walker is shown to have been be likely to make such a contract? If so, there must be some magic about deriving profits from an old worn out steam boat, that we cannot appreciate, and particularly when such boat had just previously been running her owners largely in debt. It is true that Cole suffers a loss by assigning his whole interest in the boat and claims upon her for $1500, but the loss is very little more than his proportion of the losses of the boat at that time. He complains in his bill of the unsoundness of the boat, and was evidently anxious to dispose of his interest in her, as is manifest from the fact that he agreed to act as captain after the sale for one-half what was allowed him while interested in the boat. The whole transaction shows that Cole was dissatisfied, and it is not unreasonable to suppose that he was willing to pay something more than his proportion of the losses at that time for the sake of getting out of a losing concern, while it would be very unreasonable to suppose that Walker, who had already lost largely upon his own interest, would give Cole an advance of $500 for his interest, for the sake of sharing more largely in future losses.

We come now to consider of the deed of transfer from Cole to Walker, for unless, by a fair construction of the instrument itself in connection with surrounding circumstances, we can see that Cole intended to transfer to Walker his claim for services and advances, he is still entitled to claim them.

By the terms of the deed, bearing date June 2, 1840, Cole, in consideration of $1500, did "grant, bargain, sell and convey unto the said Walker, all his right, title, claim, interest and demand of whatever nature or kind, in and to the steam boat Frontier, the same being one-fourth part thereof," * * "together with the furniture, rigging and stores, and *also the books of said boat*, debts due, claims, choses in action, with authority to use the name of said Cole in the collection of the same if necessary," and the said Cole agreed to "war-

Frink *et al. v.* Cole.

rant and defend the claim or interest of said boat to be free from the claim of himself, and that he (would) will not do any act or thing whereby said interest (might) may be prejudiced or hindered of or from said Walker." The only evidence before the Master to show an indebtedness from the defendants to Cole, was the account book of the boat, upon which book the account of Cole was balanced, and it was only by rejecting the last entry upon that account, purporting to have been made on the same day the deed of sale bears date, that the Master found a balance in Cole's favor. By the very terms of the deed to Walker, Cole had expressly sold and conveyed to him the *books of the boat,* which contained Cole's account against the boat, and the only evidence which he had of its existence. It cannot be questioned that this sale of the books carried with it Cole's interest in all debts due upon those books, jointly to himself and the other owners of the boat, and why should it not embrace a claim coming to him individually, as well as those in which he had but an individual interest? The language is unqualified, and may without any violence be construed to include his individual as well as his interest in the joint accounts.

Before the sale to Walker, Cole had a lien upon the boat for his advances; this he undoubtedly abandoned when he covenanted that the interest he sold to Walker was free from the claims of himself, and that he would do no act whereby said interest might be prejudiced, but then it is insisted that the claim itself still exists in the hands of Cole against the other owners of the boat individually for their respective proportions thereof. We think not, but that it was the intention of the parties to the deed of sale, as manifested by all the circumstances surrounding the transaction, taken in connection with the terms of the deed itself, to transfer to Walker not only Cole's interest in the boat, but also all his claims upon her whatever, for advances or otherwise. We are further fortified in this opinion by the fact that the account of Cole upon the books purports to have been assigned to Walker, contemporaneously with the execution of the deed of sale. Cole called for the books, and made them ev-

idence, and no circumstance is shown to discredit this item of the account more than any other that was in Walker's handwriting, and yet all the other entries made by Walker were admitted in stating the account between the parties, while this alone was rejected. The reason and propriety of this distinction we cannot perceive. The books of the boat were as much evidence for the defendants as against them. The complainant called for and introduced the books in evidence, and he was bound to admit those items which made against as well as those which operated in his favor, unless he could show that the items to his prejudice had been improperly inserted. This he did not do, and, unexplained by evidence, the reasonable presumption is, that the parties had the books before them at the time of the transfer to Walker; that the last entry upon Cole's account was made contemporaneously with the execution of the deed of sale, and, therefore, should have been taken into consideration in stating the account between the parties.

The decree of the Circuit Court is reversed, and the bill dismissed at the costs of the appellee.

*Decree reversed.*